1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**

9

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  UNITED STATES OF AMERICA, | No.  3:25-po-0116-DMC-1 |
| 12  Plaintiff, | |
| 13  v. | |
| 14  RICHARD D. BARKER, | <u>ORDER</u> |
| 15  Defendant. | |
| 16  UNITED STATES OF AMERICA, | No.  3:25-po-0074-DMC-1 |
| 17  Plaintiff, | |
| 18  v. | |
| 19  RICHARD D. BARKER, | <u>ORDER</u> |
| 20  Defendant. | |

21
22        A bench trial was held in the above matters on October 17, 2025, before the

23  undersigned in Redding, California. Upon the conclusion of trial, the undersigned found

24  Defendant guilty of both charges (CVC 22350 and CVC 23115(a)) and for each violation was

25  issued a sentence of a $165.00 fine, special assessment of $5.00, and $30.00 processing fee for

26  both violations, for a total of $400.00 to be paid within thirty days. Defendant was additionally

27  ordered to provide his phone and social security number to the Court.

28  / / /

1

The officers who cited Defendant for each violation testified that they requested Defendant's social security number to complete the citation and because Defendant was on Sierra Army Depot, providing a social security number when asked is required of all individuals who choose to enter the base. In both instances, Defendant refused to provide his social security number. At trial, the Government requested that upon a determination of guilt, Defendant be ordered to provide his social security number for the Court to include in the fine information for Central Violations Bureau which assists with the collection of unpaid fines.

The Court found Defendant guilty and directed Defendant to provide Defendant's social security number to the Courtroom Deputy for use by the Central Violations Bureau in conjunction with any collection efforts arising in conjunction with fees imposed upon verdict. Defendant informed the Court that he was unable to provide his social security number that day and the Court directed that Defendant provide the Court his social security number by 5:00 p.m. on Monday, October 20, 2025. Defendant was warned that after at 5:00 p.m. on Monday, October 20, 2025, he would be sanctioned $500.00 for each day he does not provide his social security number.

At 11:51 a.m. on Monday, October 20, 2025, the Court received an email purporting to be from Defendant Barker, stating in part that Defendant objected to "the compelled disclosure of my Social Security number absent statutory authority." In a section on the email titled "Privacy and Due Process Concerns," Defendant cited The Privacy Act of 1974, 5 U.S.C. §552(a), Greidinger v. Davis, 988 F.2d 1344 (4th Cir. 1993), Doe v. Poritz, 142 N.J. 1, 662 A.2d 367 (1995), and Cal. Civ. Code § 1798.85 (a). Defendant additionally stated, "to my knowledge, no federal statute or local rule requires a defendant in a petty-offense or traffic case to provide a Social Security number directly to another party or to the Court for purposes of enforcement."

Defendant provided a phone number [(530) 294-5266] at the top of the letter. While Defendant did not identify the number as his own, on the assumption that the designation of a phone was Defendant's representation that he could be reached at that number, Defendant satisfied the Court's Order in that regard. However, Defendant is still obligated to comply with the Court order to provide his social security number, and none of Defendant's proffered support

2

1   for withholding that information is applicable here. The Privacy Act of 1974 as cited by

2   Defendant applies to Executive Branch agencies, not the judiciary, and concerns the public

3   dissemination of personal information. This Court is not an Executive Branch agency nor is the

4   Court requiring Defendant to publicly provide such information. The cited Fourth Circuit

5   authority in Greidinger v. Davis 988 F. 2d 1344 (4th Cir. 1993) is not binding here in the Ninth

6   Circuit and is distinguishable on its facts as involving an order to make social security numbers

7   available for public inspection. No such public disclosure or availability to the public is at issue in

8   this Court's pending Order, and the cited case law has no application here. The New Jersey state

9   court precedent cited by Defendant in the case of Doe v. Poritz 142 N.J. 1, 662 A. 2d 367 (1995)

10  also has no binding authority before this Federal Court. Neither the public disclosure of social

11  security numbers referenced in Doe, nor that public disclosure referenced in the statutory

12  authority cited by Defendant at California Civil Code Section 1798.85(a), is at issue in the

13  pending Order of this Court. Here, Defendant is only required to disclose his social security

14  number off the record for use by the Court administration should collection of unpaid verdict

15  sums be necessary.

16         This Court has discretion to order the disclosure of information, especially when

17  such information will facilitate the collection of fines imposed by the Court. Indeed, the Federal

18  Rules of Criminal Procedure ensures protection of privacy specifically for social security

19  numbers, demonstrating that the disclosure of social security numbers in commonplace in

20  conjunction with criminal proceeding. See Rule 49.1, Privacy Protection For Filings Made with

21  the Court.

22         Given the Defendant's misplaced reliance on authority inapposite here with regard

23  to his obligation to provide the Court his social security number, the Court here modifies the

24  previous Order requiring disclosure of that information by 5:00 p.m. on Monday, October 20,

25  2025, and directs now the following:

26  / / /

27  / / /

28  / / /

3

1    IT IS HEREBY ORDERED as follows:

2        1.    Defendant is ordered to provide the Court with his social security number

3    on or before completion of the payment ordered in his sentence in the above-entitled matters,

4    which payment is due by November 17, 2025.

5        2.    If Defendant fails to comply with either the required payment or disclosure

6    of his social security number as herein directed, Defendant is ordered to appear before the

7    undersigned at 11AM on November 19, 2025, at 2986 Bechelli Lane, Redding CA. In the event

8    defendant has both timely completed payment of the sums ordered in his sentence of October 17,

9    2025, and provided the Court the social security information as ordered, no appearance is

10   necessary.

11       3.    A continued failure to comply with the Orders of this Court may subject

12   Defendant to additional sanctions or enforcement mechanisms such as contempt proceedings.

13

14   Dated:  October 22, 2025

15   _____
     DENNIS M. COTA

16   UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

4